UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SUSAN AAMOT, | Civil No. 18-1402 (JRT/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS, ATTORNEYS' FEES AND COSTS** |
| MARK PETERSON AND TIMOTHY AKERS, | |
| Defendants. | |

Blake G. Iverson and Maxwell S. Felsheim, **IVERSON FELSHEIM**, 2945 44th Avenue South, Minneapolis, MN 55406, for plaintiff.

Michael Sherrill, **SHERRILL LAW OFFICES, PLLC**, 4756 Banning Avenue, Suite 212, White Bear Lake, MN 55110; Steven R. Fairchild, **FAIRCHILD LAW, LLC**, 292 Powers Street, 1B, Brooklyn, NY 11211, for defendants.

Defendants Mark Peterson and Timothy Akers filed this motion for costs, attorney fees, and sanctions related to the voluntary dismissal of Plaintiff Susan Aamot's underlying copyright-infringement action. Because the Court finds that neither an award of costs and fees nor sanctions against Felsheim are warranted, the Court will deny Defendants' motion.

## BACKGROUND

I. **FACTUAL BACKGROUND**

In October 2016, Defendant Peterson commissioned Plaintiff Aamot to produce illustrations for a book he was writing in conjunction with Defendant Akers. (Decl. of Michael S. Sherrill ("Sherrill Decl.") ¶ 5, Ex. A ("Aamot Depo.") at 36:12–38:9, Jan. 16, 2020, Docket No. 63.) Though it is undisputed that Aamot then produced the illustrations and sent them to Peterson, the contours of the agreed upon compensation is disputed, and there was no written contract memorializing the agreement. (*See id.* at 57:1–61:25, 63:4–24.) Defendants assert that Aamot agreed to receive payment via royalties based on the books sales, while Aamot states she agreed to be paid $300 per illustration plus royalties.[1] (*See, e.g.*, *id.* at 63:4–24.)

In October 2017, having found no literary agent or publisher, Peterson and Akers self-published the book using Aamot's illustrations, but they apparently did not inform Aamot. (*See* Decl. of Maxwell Felsheim ("Felsheim Decl.") ¶¶ 4, 7–8, Ex. B, 136:17–24, 137:13–25, Feb. 5, 2020, Docket No. 65.)

On January 3, 2018, Aamot sent Peterson a text message inquiring on the status of the book. (Felsheim Decl. ¶ 6, Ex. D.) Peterson told Aamot that he was "working his ass off to make a living and keep the book project going as well" and didn't "have the time"

---

[1] The Court does not need to reach the issue of agreed upon compensation to resolve the present Motion for fees and costs.

to give Aamot "updates on what is happening or not happening with the book so [Aamot] can start thinking about money." (*Id.*)  Aamot then informed Peterson that she deserved to get paid for her work and alleged that one of Peterson's friends had taken credit for Aamot's work.  (*Id.*)  Shortly before sending Peterson the text inquiring about the status of the book, Aamot learned through a friend that Peterson had self-published the book and announced its release via Facebook on or about October 23, 2018.  (Felsheim Decl. ¶ 3, Ex. A, 29:2–18.)

On or about January 7, 2018, Aamot mailed Peterson an invoice for $9,200 ($300 per illustration for 30 illustrations and a $500 fee for rushed delivery).  (*See id.* at 10.)  The next day, Peterson and Akers informed Aamot that her illustrations would no longer be featured in the book and that they were pulling the book from sale to replace her illustrations.  (Felsheim Decl. ¶ 4, Ex. B, 162:3–14.)  At this point, according to Peterson and Akers, they had not paid Aamot anything for her illustrations.  (*See* Felsheim Decl. ¶ 10, Ex. E.)

On January 22 and 23, 2018, Aamot (through her attorney Max Felsheim) filed copyright registrations for Aamot's illustrations used in the book and listed October 23, 2017 as the publication date for the illustrations. (Felsheim Decl. ¶ 7.)  Attorney Felsheim reviewed online book sellers including Amazon and Barnes and Noble as well as social media posts by Defendants, which all indicated that the novel featuring the illustrations was first available for sale on October 23, 2017.  (*Id.* ¶ 8.)  Attorney Felsheim also

researched relevant law to determine that the date first available for sale was the date of publication for copyright purposes. (*Id.* ¶ 9.) The illustrations had not been published prior to appearing in the book. (Aamot Depo. at 65:5–10.)

## II. PROCEDURAL BACKGROUND

On May 22, 2018, Aamot filed this action alleging one count of willful copyright infringement pursuant to 17 U.S.C. § 501 and seeking $6,900,000 in statutory damages pursuant to 17 U.S.C. § 504(c). (Compl. ¶¶ 41–53, May 22, 2018, Docket No. 1.)

On July 27, 2018, Defendants Peterson and Akers filed an Answer denying all claims, asserting a number of affirmative defenses (including that they had an implied license to use the illustrations and that the copyright claim was untimely), and alleging counterclaims against Aamot for breach of contract, fraud in the inducement, and seeking fees and costs. (*See generally* Answer, July 27, 2018, Docket No. 8.)

On December 27, 2018, Defendants filed an amended Answer to additionally assert a counterclaim for libel, alleging that Aamot anonymously sent a defamatory email regarding Defendant Akers to an editor with whom Akers is associated. (Amd. Answer ¶¶ 104–21, Dec. 27, 2018, Docket No. 35.)

On November 21, 2019, the parties filed a Joint Stipulation for Voluntary Dismissal of Claims in which the parties agreed that all claims and counterclaims in the action would be voluntarily dismissed except for Defendants' claim for recovery of attorneys' fees and costs, pursuant to 17 U.S.C. § 505. (Joint Stip. at 1–2, Nov. 21, 2019, Docket No. 50.) The

parties' claims were subsequently dismissed by the Court. (Amd. Judgment at 1–2, Jan. 15, 2020, Docket No. 61)

The Defendants filed this motion seeking the recovery of costs and fees under 17 U.S.C. § 505, as well as sanctions against attorney Felsheim pursuant to 28 U.S.C. § 1927. (Defs.' Motion for Attorneys' Fees & Costs, Dec. 16, 2019, Docket No. 54.)

**DISCUSSION**

I.  **STANDARD OF REVIEW**

Under 17 U.S.C. § 505, a court may "in its discretion" award full costs and a "reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.[2] The Court should exercise this discretion "in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to compensate or deter, and the purposes of the Copyright Act." *Action Tapes, Inc. v. Mattson,* 462 F.3d 1010, 1014 (8th Cir. 2006). The "objective reasonableness" of the losing party's position should be given "substantial weight" in determining whether to award attorney's fees to the prevailing party. *Kirtsaeng v. John Wiley & Sons, Inc.,* 136 S. Ct. 1979, 1988 (2016). Put another way, a good faith, colorable claim weighs heavily against a discretionary grant of fees. *See, e.g.*,

---

[2] It is undisputed that Defendants timely filed their Motion and a plaintiff's voluntary dismissal with prejudice renders the defendant a "prevailing party." *Killer Joe Nev., LLC v. Does 1-20,* 807 F.3d 908, 911 (8th Cir. 2015).

*Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 122 (8th Cir. 1987) ("Although an award is not preconditioned on a showing of bad faith or frivolity, a losing plaintiff's good faith in bringing a colorable claim will justify a district court's denial of fees.").[3]

## II. ANALYSIS

Defendants argue that Aamot's copyright infringement claim was objectively unreasonable and frivolous because (1) Defendants had an implied license to use the illustrations and therefore could not infringe; and (2) Aamot's attorney, Maxwell Felsheim, fabricated evidence in order to qualify Aamot's claim for statutory damages. The Court finds both arguments lacking. First, the parties' central dispute centered around the agreement and whether an implied license existed. The Court will not decide the issue here based on a joint, voluntary dismissal of Aamot's claims and Defendants' counterclaims. Second, for the Court to conclude that Felsheim fabricated evidence as Defendants suggest, it must conclude that it is clearly established law that an unauthorized publication of copyrighted material does not qualify as a "publication" under the Copyright Act and that Felsheim knew this to be the case when he filed this action. But this appears to be an open question of law in the Eighth Circuit, and

---

[3] *See also Killer Joe Nev.,* 807 F.3d at 912–13 (no abuse of discretion for denial of attorney's fees under § 505 when plaintiff lacked improper motive); *Action Tapes, Inc.,* 462 F.3d at 1014 (no abuse of discretion for denial of fees under § 505 when plaintiff "raised important and novel issues").

Defendants cite only an agency manual and nonbinding case law to argue Felsheim's actions were frivolous or objectively unreasonable.  Felsheim also states that he only agreed to dismiss the claim (and did so promptly) after verifying that Defendants' published the book on October 17, 2018, not October 23, 2018, putting Aamot's claim outside the three-month window for statutory damages under the Copyright Act.

Making a challenge to an open question of law cannot be said to be frivolous or objectively unreasonable.  *See Action Tapes, Inc.,* 462 F.3d at 1014 (no abuse of discretion for denial of fees under § 505 when plaintiff "raised important and novel issues"). Further, Felsheim's prompt dismissal after verifying the date of the purported publication by Defendants supports a finding good faith. *See Killer Joe Nev.,* 807 F.3d at 912 (noting no improper motive when plaintiff promptly dismissed claim in similar circumstances). The Court therefore finds that Aamot's claims were colorable and brought in good faith. Accordingly, the Court will deny Defendants' Motion to the extent it seeks attorney fees and costs under § 505. *See Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 122 (8th Cir. 1987) ("Although an award is not preconditioned on a showing of bad faith or frivolity, a losing plaintiff's good faith in bringing a colorable claim will justify a district court's denial of fees.").

Having found that Aamot and Felsheim brought a good-faith, colorable claim, the Court will also deny Defendants' Motion to the extent it seeks sanctions against Attorney Felsheim under 28 U.S.C. § 1927.  *See SPV-LS, LLC v. Transamerica Life Ins. Co.,* 912 F.3d

1106, 1113 (8th Cir. 2019) (noting that sanctions under § 1927 should only be imposed "when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court" (quoting *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999))).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Joint Motion for Attorneys' Fees and Costs [Docket No. 54] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 21, 2020  
at Minneapolis, Minnesota.

_____*John N. Tunheim*_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court